NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PRESTON E. YOUNG,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1386

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-6049, Judge Joseph L. Toth.

---

Decided:  November 18, 2025

---

KENNETH DOJAQUEZ, Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

ERIC P. BRUSKIN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee.  Also represented by MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY, YAAKOV ROTH; EVAN SCOTT GRANT, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before CHEN, CLEVENGER, and HUGHES, *Circuit Judges*.

HUGHES, *Circuit Judge.*

Preston E. Young appeals a November 22, 2023, decision by the United States Court of Appeals for Veterans Claims. Mr. Young alleged clear and unmistakable error in two rating decisions denying him compensation for a right-knee disorder. The Board of Veterans' Appeals denied Mr. Young's CUE claims. Mr. Young appealed to the Veterans Court, arguing the Board lacked jurisdiction to consider his CUE claims because the regional office had not yet considered them. He also argued, for the first time, that the underlying regional office decisions were not final, and that all CUE claims contain an inherent challenge to the underlying decision's finality. The Veterans Court agreed the Board lacked jurisdiction to consider Mr. Young's CUE claims and vacated and remanded the Board's findings. However, the Veterans Court declined to consider Mr. Young's newly raised finality arguments.

On appeal, Mr. Young argues the Veterans Court misinterpreted 38 U.S.C. § 5109A and 38 C.F.R. § 3.105 (2013) when assessing his finality arguments. But we lack jurisdiction to consider Mr. Young's argument because the Veterans Court expressly declined to reach his finality arguments. J.A. 6 ("Under the circumstances of this case, the Court declines to consider Mr. Young's § 3.103(e)-based nonfinality arguments, which were raised for the first time on appeal."); J.A. 8 ("Weighing the competing interests in this case, the Court declines to consider Mr. Young's novel arguments on appeal."). We do not have jurisdiction to review legal questions on which the Veterans Court did not rule. *Smith v. Collins*, 130 F.4th 1337, 1343–44 (Fed. Cir. 2025). Because we are without jurisdiction to consider Mr. Young's appeal, we dismiss.

**DISMISSED**

COSTS

No costs.